

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SLAWOMIR ZAK, )
 )
        Plaintiff, )
 )
v. ) No. 04 C 839
 )
RYERSON TULL, INC., a/k/a JOSEPH )
T. RYERSON & SON, INC., a Delaware )
corporation, )
 )
        Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Ryerson Tull, Inc.'s ("Ryerson") bill of costs. For the reasons stated below, we deny the bill of costs in its entirety.

## BACKGROUND

On April 19, 2005, we granted Ryerson's motion for summary judgment. Ryerson has now filed a bill of costs. Ryerson seeks to recover $4,301.43 for court reporter fees and $2,371.82 for printing fees. Plaintiff Slawomir Zak ("Zak") objects to the bill of costs and argues that the bill of costs should be denied in its entirety. We note that we gave Ryerson until May 31, 2005, to file a reply brief in response to

1

Zak's objections, and Ryerson has not filed any reply brief.

## LEGAL STANDARD

The prevailing party may recover costs, other than attorney's fees, as a matter of course unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). Costs that can be recovered must be authorized by statute. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). The following costs have been authorized by statute for recovery by the prevailing party: 1) "Fees of the clerk and marshal;" 2) "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;" 3) "Fees and disbursements for printing and witnesses;" 4) "Fees for exemplification and copies of papers necessarily obtained for use in the case;" 5) Docket fees; and 6) "Compensation of court appointed experts, interpreters, and salaries, fees, expenses, and costs of special interpretation services. . . ." 28 U.S.C. § 1920. In awarding costs, the court will determine: 1) whether the costs are recoverable; and 2) whether the amount assessed is reasonable. *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). Rule 54(d)(1) establishes a heavy presumption that the prevailing party will be awarded costs. *Id.*

## DISCUSSION

Ryerson seeks to recover $4,301.43 in fees for the court reporter for all or any part of the transcript necessarily obtained for use in the case. Additionally, Ryerson

seeks to recover $2,371.82 in fees and disbursements for printing.

I. Transcript Fees

Zak argues that Ryerson's request for costs of the court reporter for transcripts obtained in the case should not be awarded because Ryerson failed to furnish any information regarding the ordering of transcripts. The prevailing party is entitled to recover fees of the court reporter for transcripts obtained for use in a case pursuant to 28 U.S.C. § 1920(2). *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1988). The costs for transcripts cannot "exceed the regular rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of the court." Local Rule 54.1(b). Costs will not be awarded where the party seeking recovery fails to provide information identifying where such expenses were generated such that the court can analyze whether the costs were reasonable. *Shah v. Village of Hoffman Estates*, 2003 WL 21961362, at *1 (N.D. Ill. 2003). Ryerson requests $4,301.43 in fees for the production of transcripts in its bill of costs, but does not specify what transcripts were obtained, how many pages were transcribed, how many hours were spent by the court reporter, or any information other than the amount requested. Since Ryerson has failed to provide the court with sufficient information to determine whether the amount Ryerson requested is reasonable, we deny Ryerson's request for the recovery of transcript costs.

## II. Printing Fees

Zak also argues that Ryerson's request for printing costs should not be awarded because Ryerson has failed to provide any information regarding the amount and necessity of the prints. The prevailing party is entitled to recover fees for printing under 28 U.S.C. 1920(3) that are "necessarily obtained for use in the case." 28 U.S.C. 1920(3); *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). The party seeking recovery of costs is not required to provide such a detailed report as to make recovery of such costs onerous. *See e.g. id.* However, the party must "provide the best breakdown obtainable from retained records." *Id.* In the instant action, Ryerson seeks to recover $2,371.82 in printing costs, but Ryerson has failed to provide the court with supporting documentation in receipts or any breakdown of the amount of prints and its corresponding relation to the litigation. Instead, Ryerson merely provides a request for an amount as a line item on its bill of costs. Accordingly, we deny Ryerson's recovery of printing costs.

## CONCLUSION

Based on the foregoing analysis, we deny Ryerson's bill of costs in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 14, 2005